UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| ALTAMAHA RIVERKEEPER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 6:09-cv-47 |
| FRED NEAL WOLFE; SOUTHERN | ) | |
| CAPITAL DEVELOPMENT GROUP | ) | |
| LLC; MONTGOMERY BANK & TRUST, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

## ORDER

Before the Court is the Federal Deposit Insurance Corporation's ("FDIC") Notice of Appointment and Substitution of Receiver and to Stay Proceedings. ECF No. 51. The FDIC requests the Court (1) grant a ninety day stay of the ongoing remedial actions associated with this case's settlement in 2010, and (2) substitute the FDIC for Montgomery Bank. *Id.* As the Court is statutorily obligated to substitute the FDIC as a party, that portion of the notice is **GRANTED**. The stay request, effectively mooted by the passage of time and posture of this case, is **DENIED**.

On December 16, 2010, this Court executed a consent judgment in this case that resolved all claims affecting a parcel of real property and required Montgomery Bank to engage in remediation of that land. *See* ECF No. 49. Almost two years later, on July 6, 2012, the Georgia Department of Banking and Finance took possession of Montgomery Bank and appointed the FDIC as receiver. ECF No. 51 at 2. One month after its appointment, the FDIC filed the instant notice. *See id.*

Pursuant to 12 U.S.C. § 1821(d)(2)(A), the FDIC succeeded to all rights and powers of Montgomery Bank upon its appointment as receiver. And when it files a notice of substitution, like the notice now before the Court, the FDIC as receiver automatically becomes a party to an action. *See FDIC v. N. Savannah Props., LLC*, 686 F.3d 1254, 1260 (11th Cir. 2012). The FDIC is accordingly **SUBSTITUTED** as a party in place of Montgomery Bank, which has "vanishe[d] in a puff of smoke." *Id.* at 1259.

12 U.S.C. § 1821(d)(12) also allows the FDIC, within ninety days of appointment as receiver of a failed institution, to request a stay of "any judicial action or proceeding to which" it becomes a party. *See also Damiano v. FDIC*, 104 F.3d 328, 334 (11th Cir. 1997). Although the stay may not exceed ninety days, a "court shall grant such stay as to all parties" if requested in the proper timeframe. 18 U.S.C. § 1821(d)(12). The purpose of the stay is to give the receiver "a chance to analyze pending matters and [to] decide how best to proceed," not to afford the FDIC unbounded discretion to seek stays at any point post-appointment as receiver. *Damiano*, 104 F.3d at 334.

The FDIC here requested a stay well within ninety days of its appointment as receiver. *See* ECF No. 51 at 2. The rub is that (1) over 200 days have passed since the FDIC's appointment as receiver of Montgomery Bank (i.e., the FDIC has had plenty of time to analyze pending matters, if any); and (2) no pending litigation exists—this Court retains jurisdiction only to enforce the terms of the final judgment, including Montgomery Bank's mandated remediation efforts. *See* ECF No. 49 at 10. In other words, the passage of time and the procedural posture of this case effectively moot the stay request. *See Praxis Props, Inc. v. Colonial Sav. Bank, S.L.A.*, 947 F.2d 49, 70-71 (3d Cir. 1991) (holding that § 1821(d)(12) "entitles the receiver to a stay

whose *outer bound* is 90 days after the receiver's appointment (no matter when the receiver requests).") (emphasis added), *cited with approval in Damiano*, 104 F.3d at 334.

Although the FDIC timely filed its notice of a stay, the time period of the stay's efficacy has long since expired. The Court cannot engage in a pointless exercise of its authority. The request for a stay is therefore **DENIED**. The requested substitution of the FDIC for Montgomery Bank, however, is **GRANTED**.

The 13 day of February, 2013

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA